IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

**DARYL JONES**  　　　　　　　　　　　　　　　　　CASE NO.
7358 Corwin Court
Indianapolis, Indiana 46259

　　　　　Plaintiff,

　-vs-

**INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT**
50 N. Alabama Street
Indianapolis, Indiana 46204

**CITY OF INDIANAPOLIS**
200 East Washington Street, Suite 1601
Indianapolis, IN 46204

**CHRISTOPHER BAILEY**
Chief of Police
Indianapolis Metropolitan Police Department
50 N. Alabama Street
Indianapolis, Indiana 46204

and

**Various JOHN DOES 1-10,**

　　　　　Defendants.

---

**VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

---

　　　　　This is an action for money damages to redress the deprivation by Defendant

Christopher Bailey, Chief of Police, Indianapolis Metropolitan Police Department of the State of

1

Indiana, and the City of Indianapolis of the State of Indiana of the rights secured to Plaintiffs by the Constitution and laws of the United States, including of the rights secured to Plaintiff by the Constitution and laws of the United States, including Title VII of the Civil Rights Act of 1964, 42 U.S. C. §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. §701 et seq., Family Medical Leave Act, 29 U.S.C. §2612 et seq. Age Discrimination Act of 1967, 29 U.S.C. §621 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §12101 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively displaced Plaintiff Daryl Jones's employment in violation of the Rehabilitation Act. Plaintiff suffered severe financial harm from the constructive illegal reinstate of his employment, age discrimination and wrongful violation of public policy, which was a result of permanent injuries that were aggravated while in the employment of the Defendants.

## JURISDICTION AND VENUE

1. This action arises under the Title VII of the Civil Rights Act of 1964, 42 U.S. C. §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. §701 et seq., . of 1972, 29 U.S.C. §701 et seq., Family Medical Leave Act, 29 U.S.C. §2612 et seq.. Age Discrimination Act of 1967, 29 U.S.C. §621 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively displaced Plaintiff Daryl Jones's employment in violation of the Rehabilitation Act and the principal of pendent jurisdiction.

2. This action also includes the state law violations of hostile work environment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is appropriate in the district pursuant to 28 U.S.C. §1391(b), because during

relevant time, Defendant were residing in or had agents or transacted their illegal conduct in this district.  Venue is also appropriate in this district because this is the judicial district in which the claims arose.  Venue is also appropriate in this district because of the exclusive jurisdiction concerning violations of the Rehabilitation Act, 5 U.S.C. §1502

5. The acts constituting the violation of federal, state and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue in the Southern District of Indiana.

## PARTIES

6. During all times mentioned in this Complaint, Plaintiff Daryl Jones was, and is, an individual adult citizen of the United States residing at 7358 Corwin Court, Indianapolis, Indiana 46259.  At the time of the events described herein, Defendants Indianapolis Metropolitan Police Department and Christopher Bailey, Chief of Police for the Indianapolis Metropolitan Police Department of Indianapolis, Indiana employed Plaintiff Daryl Jones in Marion County, Indiana.

7. During all times mentioned in this Complaint, the Defendant City of Indianapolis that is a recipient of federal funding, is being sued as the governing and policy making body for employees of the city and county government for Marion County, Indiana is being sued as being responsible for violating by the Constitution and laws of the United States, including  Title VII of the Civil Rights Act of 1964, 42 U.S. C. §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. §701 et seq., . of 1972, 29 U.S.C. §701 et seq., Family Medical Leave Act, 29 U.S.C. §2612 et seq.. Age Discrimination Act of 1967, 29 U.S.C. §621 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana.  The Defendants constructively displaced Plaintiff Daryl Jones's employment in violation of the Rehabilitation Act resulting in the injuries suffered by the

Plaintiffs and in violation of statutorily mandated protections outlined in Ind. Code §12-10-3-11(c), Ind. Code §22-5-3-1. Defendant City of Indianapolis has a principal place of business located at 200 East Washington Street, Suite 1601, Indianapolis, Indiana 46204.

8. During all times mentioned in this Complaint, Defendant Indianapolis Metropolitan Police Department is being sued as the organization that manages its employees of the city and county government for Marion County, Indiana is being sued as being responsible for violating by the Constitution and laws of the United States, for violating the Title VII, the Rehabilitation Act, Family Medical Leave Act, 29 U.S.C. §2612 et seq. Age Discrimination Act of 1967, 29 U.S.C. §621 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively displaced Plaintiff Daryl Jones's employment in violation of the Rehabilitation Act resulting in the injuries suffered by the Plaintiff. resulting in the injuries suffered by the Plaintiff. Defendant Indianapolis Metropolitan Police Department has a principal place of business located at 50 N. Alabama Street, Indianapolis, Indiana 46204.

9. During all times mentioned in this Complaint, the Christopher Bailey, Chief of the Indianapolis Metropolitan Police Department of Marion County, Indiana is being sued in his organizational capacity as being responsible for violating by the Constitution and laws of the United States, for violating the Title VII, the Rehabilitation Act, Family Medical Leave Act, 29 U.S.C. §2612 et seq. Age Discrimination Act of 1967, 29 U.S.C. §621 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively displaced Plaintiff Daryl Jones's employment in violation of the Rehabilitation Act resulting in the injuries suffered by the Plaintiff and the resulting in the injuries suffered by the Plaintiffs. Defendant Randal Taylor,

Chief of the Indianapolis Metropolitan Police Department, Marion County, Indiana has had a principal place of business located at 50 N. Alabama Street, Indianapolis, Indiana 46204.

10. During all time mentioned in this Complaint, it is believed that various John Does 1-10, participated in concert with Defendants City of Indianapolis, Indianapolis Metropolitan Police Department and Christopher Bailey, Chief of Indianapolis Metropolitan Police Department for violating the rights secured to Plaintiff by the Constitution and laws of the United States, including Title VII, the Rehabilitation Act, Family Medical Leave Act, 29 U.S.C. §2612 et seq. Age Discrimination Act of 1967, 29 U.S.C. §621 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana resulting in the injuries suffered by the Plaintiff.

## ADMINISTRATIVE COMPLIANCE

11. On or about February 29, 2024, Plaintiff Daryl Jones filed charges of employment discrimination against Indianapolis Police Department of the City of Indianapolis, Marion County, Indiana with the Federal Equal Employment Opportunity Commission (EEOC). Copies of the Notices are attached hereto as Exhibit A and incorporated herein by reference. It should be noted that these claims are not required to be administratively adjudicated prior to institution of this action.

12. On or about May 6, 2025, Plaintiff Daryl Jones received a "Notice of Suit Rights" from the EEOC. Attached hereto as Exhibit B and incorporated herein by reference is a true and accurate copy of the Notice.

13. On or about April 9, 2024, Plaintiff Daryl Jones served the City of Indianapolis with a Tort Claim Notice and Notice of Tort Claim for Property and/or Personal Property. Attached hereto as Exhibit C and incorporate herein by reference are true and accurate copies of the Notice.

## STATEMENT OF FACTS AS TO PLAINTIFF DARYL JONES

14. Plaintiff, Daryl Jones who is a citizen of the United States and a resident of the county of Marion, State of Indiana.

15. Plaintiff Jones began his employment as a police officer with the Indiana Metropolitan Police Department on January 5, 2002.

16. During the course of his employment, he was promoted through examination to the rank of Sergeant within the department.

17. Plaintiff while serving in the department was charged with the responsibility of creating a unit within the department to be known as the Violence Reduction Team. Plaintiff Jones trained several officers reserved for this unit which has proven to serve to reduce the violent crime within the City of Indianapolis.

18. During the course of Plaintiff Jones' service in the Violence Reduction Team, Plaintiff suffered an injury while off duty which required him to use his sick leave for the purposes of his recovery. Then Plaintiff Jones returned to work to lead the Violence Reduction Team unit, thereafter.

19. Plaintiff in the year 2022 suffered a serious shoulder injury that required surgery; this previous injury required light duty.

20. Plaintiff Sergeant Jones, by reason of said injury requested accommodation from Defendant IMPD and its leadership until he was able to return to full duty.

21. During the course of recovery, Plaintiff was assigned by Defendant IMPD to "light duty" at the Gun Detective/Community Relations Unit as a strategic information officer. This unit is known as a Neighborhood Impact Unit.

22. Plaintiff Jones, upon being released to return to full duty was not returned to his previous position as leader of the Violence Reduction Team.

23. Plaintiff Jones then sought a position in the North District Neighborhood Impact Unit, which was open to, as a sergeant, but was denied in favor of other sergeants in the department who had less experience and were also younger.

24. Plaintiff Jones has sought on three (3) separate occasions to be returned to his prior position with the VRT as a Sergeant for which he has been denied each time.

## FIRST CAUSE OF ACTION

(Age Discrimination - Violation of State and Federal Acts)

25. Plaintiff re-alleges the allegations contained in paragraphs one through twenty--three of this Complaint as if re-written herein.

26. Plaintiff Jones is fifty-three (53) years old and worked with Defendant City of Indianapolis through the Indianapolis Metropolitan Police Department for twenty-three years as police officer who attained the rank of Sergeant. Plaintiff Jones was displaced from his position and replaced by an employee believed to be less than forty years old.

27. Defendants, through their policies and acts intended to displace Plaintiff Jones to replace him with a younger employee.

28.  Defendants through their policies and actions violated Title VII of the Civil Rights Act of 1964, 42 U.S. C. §2000e-§§2000e-17, Age Discrimination Act of 1967, 29 U.S.C. §621 et seq and Ind. Code §12-10-3-11(c), Ind. Code §22-5-3-1.

## SECOND CAUSE OF ACTION
### (Violation of Americans with Disabilities Act)

29.  Plaintiff re-alleges the allegations contained in paragraphs one through twenty-eight as if fully rewritten.

30.  Plaintiff has suffered from a rotator cuff injury to the right shoulder during work since as early as 2022.

31.  Plaintiff was injured on duty during April 27, 2023 when his right shoulder was injured during a search of a car injuring his right shoulder.

32.  Plaintiff was ordered by Dr. Justin Hollen, M.D. of Community Medical Center of Greenwood, Indiana on April 28, 2023 to be limited to light duty work.

33.  Plaintiff's injury was recorded in an IOD (injury on duty) report on April 28, 2023 by Lieutenant Gregory Scott.

34.  Plaintiff remained on light duty until he was required to have surgery on said shoulder due to on duty injury on August 31, 2023, which required him to be off duty for ten (10) days following the procedure.

35.  Plaintiff returned to work light duty from September 10, 2023 through January 2, 2024, when he was released to return to his full work duties.

36.  Defendants were aware of his medical condition that included a serious debilitating injury that was job related.

37. Upon Plaintiff return to full duty, he was intentionally not returned to his previous position prior to the on-duty injury.

38. Said failure by Defendants to return Plaintiff to his previous full time duty position was in violation **of** Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. §12101 et seq.

39. Plaintiff by reason of the conduct of Defendants has suffered damages in his person and property.

### THIRD CAUSE OF ACTION
(Infliction of emotional distress State Law claim)

45. Plaintiff reasserts the allegations in paragraphs one through forty-four as if fully rewritten herein.

46. Defendants knew or should have known that and actions, mainly violating ADA and Age Discrimination and displacement from prior position would cause emotional distress.

47. Defendants' conduct was extreme and outrageous considering Plaintiff had a work-related injury at the time of his complaints and seeking ADA and return to his prior position.

48. Plaintiff has suffered financial losses resulting in mental anguish. Plaintiff was forced to take another position suitable below his trained abilities within the police department.

49. Such conduct by the Defendant was outside the bounds of decency and would be considered extreme, outrageous, and intolerable in a civilized community.

**WHEREFORE**, Plaintiff hereby respectfully demands the following relief:

a) An award, jointly and severally in excess of the trial court's minimum jurisdictional amount for each and every cause of action, against each of the Defendants, of the Plaintiffs'

damages on the First, Second, Third, and Fourt causes of action herein, along with interest and costs thereon.

    b) An award, jointly and severally, against defendants of punitive and exemplary damages of $500,000.

    c) Such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

THE GREEN LAW FIRM L.P.A., INC.

/s/ *F. Harrison Green*

F. Harrison Green, Trial Attorney for Plaintiff Daryl Jones
Indiana Supreme Court Reg. 22154-18
4015 Executive Park Drive, Suite 230
Cincinnati, Ohio 45241
(513) 769-0840
FAX (513) 563-2953
fhgreen@thegreenlawfirm.org

## JURY DEMAND

    It is hereby demanded by Plaintiff Daryl Jones that this matter be tried before a jury of his peers.

/s/ *F. Harrison Green*
F. Harrison Green, Trial Attorney for Plaintiff Daryl Jones